PROSPER LAW GROUP, LLP
Gordon F. Dickson, Esq. SBN 136857
Deborah P. Gutierrez, Esq. SBN 240383
Hazel S. Chu, Esq. SBN 271840
6100 Center Drive, Suite 1050
Los Angeles, CA 90045
Telephone:  (310) 893-6200
Facsimile:   (310) 988-2930
Email:        deborah@prosperlaw.com

Attorneys for Plaintiffs,
Billi Vogan and Harold Traupel

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLI VOGAN and HAROLD TRAUPEL, individuals. <br><br> Plaintiff, <br><br> vs. <br><br> WELLS FARGO BANK, N.A. D/B/A WELLS FARGO HOME MORTGAGE; U.S. BANKCORP D/B/A U.S. BANK, NATIONAL ASSOCIAITON, AS TRUSTEE FOR WFMBS 2005-AR12; FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS, LLC F/K/A FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, LLC; and Does 1 – 10, inclusive, <br><br> Defendants. | **Case No. 2:11-cv-02098-JAM - KJN** <br><br> **AMENDED JOINT STATUS REPORT** |

1

Plaintiffs Billi Vogan and Harold Traupel (hereinafter "Plaintiffs") and Defendants Wells Fargo Bank N.A. (hereinafter "Wells Fargo"), US Bank National Association, As Trustee For WFMBS 2005-ARI2 (hereinafter "US Bank"), Wells Fargo Home Mortgage (hereinafter "Wells Fargo Mortgage"), and First American Trustee Servicing Solutions Formerly Known As First American Loanstar Trustee Services, LLC (hereinafter "First American") (collectively hereinafter "Defendants"), hereby submit the following Joint Status Report pursuant to the Court's Order of August 8, 2011:

A. **Nature of the Case**

Plaintiff's Position

Plaintiffs have brought a complaint against Defendants for the following Causes of Action: (1) Declaratory Relief; (2) Negligence; (3) Violation of California Business and Professions Code Section 17200, et seq.; (4) Violation of 15 U.S.C. section 1641(g); (5) Accounting; (6) Constructive Trust; (7) Wrongful Foreclosure and to Set Aside Trustee's Sale; (8) To Void of Cancel Trustee's Deed Upon Sale; and (9) Quiet Title.

Plaintiffs allege that Defendants have wrongfully foreclosed on their home. Plaintiffs claim that Defendants are not the owners of her Note and Deed of Trust and never obtained a legal, equitable or pecuniary interest in Plaintiff's loan. Hence, Defendants cannot (1) demand or collect mortgage payments from Plaintiffs, (2) cannot declare default, or (3) foreclose on their home.

In addition, Plaintiffs allege that Defendant U.S. Bank violated 15 U.S.C. § 1641(g) because it failed to provide notice of when the Note and Deed of Trust were allegedly assigned from Wells Fargo to U.S. Bank, National Association, As Trustee For WFMBS 2005-AR12.

Defendants' Position

Defendants contend that the allegations set forth in the complaint are non-specific contentions that are insufficiently tied to the particular facts or parties in

2

AMENDED JOINT STATUS REPORT

this action. Defendants also contend that the allegations fail to state a claim for relief: Plaintiffs bore responsibility for obtaining a loan they could pay back, and beyond that, the allegations are untrue. Moreover, Plaintiffs have not alleged any prejudice or calculable damages.

**B.    Service of Process**

All Defendants have been served, and have appeared in this matter.

**C.    Possibility of Joinder of Additional Parties**

Plaintiffs do not anticipate any parties joining in on this action. Plaintiffs are the only property owners.

**D.    Expected Amendments to Pleadings**

Depending on the outcome of any motions filed by Defendants, an amendment to Plaintiffs' Complaint may be necessary.

**E.    Jurisdiction and Venue**

Plaintiffs' Position

Plaintiffs believe that this Court has original jurisdiction over the claims in this action based on the following United States Code Sections: (1) 15 U.S.C. § 1641(g) and (2) 28 U.S.C. §§ 1331, 1343, 2201, and 2202, that this Court also has diversity jurisdiction as the parties are diverse citizens and the claims involve an amount in controversy in excess of $75,000.00, that this Court has supplemental jurisdiction over the pendant state law claims because they form a part of the same case or controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. §1367.

Defendants Position

Defendants believe that there is no diversity jurisdiction, as defendant First American is not diverse. Moreover, Defendants have explained in their motion to dismiss that the Court does not have a basis to exercise supplemental jurisdiction over Plaintiffs' state claims.

3

AMENDED JOINT STATUS REPORT

F.   **Anticipated Motions**

Wells Fargo and US Bank has filed a motion to dismiss the complaint, which is scheduled to be heard on November 2, 2011. Defendant First American Trustee Servicing filed a Joinder to the motion to dismiss. Plaintiff anticipates filing of a Motion for Summary Judgment. Defendants anticipate dismissal of this action after their motion to dismiss is heard.

G.   **Anticipated Discovery**

**1. Changes to Disclosures Under Rule 26(a)(1)**

The method of available discovery should not be limited and should be governed by the Fed. R. Civ. P.

**2. Subjects of Discovery**

<u>Initial Disclosures</u>: The parties do not propose any changes with regard to the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a). The parties propose that the written initial disclosures be continued to November 18, 2011.

Plaintiffs and Defendants anticipate propounding the following discovery: (1) Interrogatories; (2) Requests for Admission; and (3) Requests for Production. Plaintiffs also anticipate taking the depositions of the Persons Most Knowledgeable of each Defendant Corporation, individuals who signed the Notice of Default and Assignment of Deed of Trust, any individuals with knowledge of the loan transaction and assignment of the mortgage, and all foreclosure proceedings conducted. Plaintiff will require discovery on the following subjects: All facts and circumstances surrounding Plaintiff's Note and Deed of Trust as related to Defendants, including but not limited to the facts and circumstances surrounding Defendants' alleged procurement of the subject loan relating to the Subject Property. Plaintiffs anticipate producing all documents that relate to their mortgage loan.

Defendants intend to take the deposition of Plaintiffs and all relevant witnesses later identified. Wells Fargo anticipates producing the loan file, payment records and servicing notes for the subject loan, to the extent they are available.

All parties reserve the right to take additional depositions, as the discovery process moves forward.

### 3. Changes to Limitations on Discovery

Discovery should not be phased and its scope should not be limited to particular issues at this stage. The method of available discovery should not be limited and should be governed by the Fed. R. Civ. P.

### 4. Discovery Plan

<u>Trial and Pretrial Schedule</u>: Subject to the Court's calendar, the parties agree to the following trial and pretrial schedule:

    a. Trial: Week of June 18, 2012

    b. Pretrial Conference: May 18, 2012

    c. All discovery should be completed by March of 2011. All non-discovery motions shall be filed by April, 2011.

    d. Expert Disclosures (Rule 26(a)(2)): 90 days before pre-trial conference;

    e. Rebuttal expert disclosures and reports should be due 75 days before trial.

    f. Expert Discovery Cutoff: Expert depositions should be completed 60 days before trial.

    g. Last Day To Hear Dispositive Motions: 30 days before pre-trial conference.

### I.  Special Procedures

Plaintiffs do not see any need for any special procedures for this action.

### J.  Trial Estimate

The parties have agreed on a trial date for the week of June 18, 2012. The parties anticipate that the trial will be one to three days.

K. **Modification to Pre-Trial Procedures**

The parties are not aware of any modifications to pre-trial procedures at this time.

L. **Related Cases (Including Bankruptcy Cases)**

The parties are not aware of any related cases at this time.

M. **Settlement Conference**

No meaningful settlement discussions have yet to take place. The likelihood of settlement cannot be ascertained at this time due to the limited discovery that has taken place. The parties agree to mediate before a retried judicial officer or other private or non-profit dispute resolution body. The parties will meet and confer as to choosing the mediator.

Dated: October 14, 2011                     **PROSPER LAW GROUP, LLP**

By: /s/ Deborah P. Gutierrez
Deborah P. Gutierrez
Attorney for Plaintiffs,
Billi Vogan and Harold Traupel

Dated: October 14, 2011                     **SEVERSON & WERSON, PC**

By: /s/ Kurt C. Wendlenner
Mary Kate Sullivan, Esq.
Kurt C. Wendlenner, Esq.
M. Elizabeth Holt, Esq.
Attorneys for Defendants
Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage; and
U.S. Bank, N.A. as Trustee for WFMBS 2005-AR12

| | | |
|---|---|---|
| Dated: October 14, 2011 | | **WRIGHT, FINLAY & ZAK, LLP** |
| | By: | /s/ Nicole K. Neff, Esq. |
| | | T. Robert Finlay, Esq. |
| | | Nicole K. Neff, Esq. |
| | | Attorneys for Defendants |
| | | First American Trustee Servicing Solutions, LLC formerly known as First American Loanstar Trustee Services, LLC |

# PROOF OF SERVICE

### Vogan, et al vs Wells Fargo Bank, N.A. et al.
### USDC – Eastern District of California Case No. 2:11-cv-02098-JAM -KJN

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Prosper Law Group, LLP, 6100 Center Drive, Suite 1050, Los Angeles, California 90045. On October 17, 2011, I served the following document(s) by the method indicated below:

AMENDED JOINT STATUS REPORT

[X]   BY CM/ECF ELECTRONIC DELIVERY: In accordance with the registered case participants and in accordance with the procedures set forth at the United States District Court, Central District of California website www.ecf.cacd.uscourts.gov.

[ ]   by placing the document(s) listed above in a sealed envelope via U.S. Mail with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date on postage meter date is more than one day after the date of deposit in this Declaration.

[ ]   by placing the documents(s) listed above in sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

[ ]   by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

(See attached service list)

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on October 17, 2011, at Los Angeles, California.

/s/ Brittany Auchard
Brittany Auchard

---

PROOF OF SERVICE
1

# SERVICE LIST

**Vogan, et al vs Wells Fargo Bank, N.A. et al.**
**USDC – Eastern District of California Case No. 2:11-cv-02098-JAM -KJN**

Attorneys for Defendants Wells Fargo Bank N.A, US Bank National Association, As Trustee For WFMBS 2005-ARI2, and Wells Fargo Home Mortgage
Mary Kate Sullivan, Esq.
Kurt C. Wendlenner, Esq.
M. Elizabeth Holt, Esq.
Severson & Werson
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111

Attorneys for Defendant First American Trustee Servicing Solutions Formerly Known As First American Loanstar Trustee Services, LLC

T. Robert Finlay, Esq.
Nicole K. Neff, Esq.
Wright, Finlay & Zak, LLP
4665 macArthur Court, Suite 280
Newport Beach, California 92660

PROOF OF SERVICE
2