UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLI VOGAN and HAROLD TRAUPEL, individuals, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| WELLS FARGO BANK, N.A.; US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR WFMBS 2005-AR12; WELLS FARGO HOME MORTGAGE; and FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS FORMERLY KNOWN AS FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, LLC; and Does 1-100, inclusive, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 2:11-CV-02098-JAM-KJN

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6).

This matter is before the Court on Wells Fargo Bank, N.A. ("Wells Fargo") and U.S. Bank, N.A. as Trustee for WFMBS 2005-AR12's ("U.S. Bank") Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(B)(6) ("MTD") (Doc. #10). The motion is joined by Defendant First American Trustee Servicing Solutions ("First American") (Doc. #12) (Wells Fargo and U.S. Bank are collectively referred to as "Defendants"). Defendants also submitted a Request for Judicial Notice (Doc.#11).

1   Plaintiffs Billi Vogan and Harold Traupel (collectively

2   "Plaintiffs") oppose the motion ("Opposition") (Doc. #16).

3

4            I.   PROCEDURAL BACKGROUND AND FACTUAL ALLEGATIONS

5        This action is predicated on the non-judicial foreclosure of

6   Plaintiffs' home, located at 20066 Wildwood West Drive, Penn

7   Valley, California ("the Property"), by Defendants.  Wells Fargo as

8   the successor to Wells Fargo Home Mortgage was the original lender

9   and was servicer for the loan at all relevant times.  The loan

10  originated on June 29, 2004.  MTD, at 1.  Plaintiffs were current

11  on their payments up until at least August 2010.  Plaintiffs

12  stopped paying their mortgage sometime after that, and First

13  American, acting on Wells Fargo's behalf, recorded a notice of

14  default on the property on December 14, 2010.  MTD, at 1.  Wells

15  Fargo did not substitute First American as trustee until January 4,

16  2011, which was after First American filed the Notice of Default

17  against the property.  MTD, at 1.

18       Prior to defaulting on their loan, Plaintiffs allege that they

19  attempted to contact Wells Fargo to obtain a modification in August

20  2010.  Compl., at 16.  First, Wells Fargo allegedly told Plaintiffs

21  that they qualified for a modification, so long as they were in

22  default for at least three months.  Id.  It was only after they

23  defaulted in order to qualify that Wells Fargo allegedly informed

24  them that their loan was owned by an investor that did not engage

25  in mortgage modification.  Id.  Plaintiffs then asked Wells Fargo

26  to verify the note associated with their mortgage, and the

27  documentation produced by Wells Fargo indicated that Wells Fargo

28  still owned the loan.  Compl., Ex. B.

2

The parties dispute what occurred as far as ownership of the loan.  Plaintiffs claim that the loan was sold to someone who is not yet identified at an unknown time.  Opp., at 2-3.  Defendants claim that the loan was sold to U.S. Bank as trustee of a mortgage backed security ("MBS") named WFMBS 2005-AR12 on January 11, 2011.  MTD, at 1-2.  Plaintiffs respond with the allegation that WFMBS 2005-AR12 has a closing date of June 16, 2005, which according to the Pooled Security Agreement ("PSA") governing administration of the security is the cut-off date for adding additional property to the WFMBS 2005-AR12 trust.  Opp., at 2-3.  Plaintiffs also allege that the officer who executed the assignment to U.S. Bank on behalf of Wells Fargo was actually a First American employee.  Compl., at 11.  Plaintiffs further allege, relying on the closing date for the MBS, that the loan was never actually sold to U.S. Bank as trustee for WFMBS 2005-AR12, and that the assignment of interest recorded on January 11, 2011 was recorded to deceive Plaintiffs as to who owned their loan and who was authorized to foreclose.  Opp., at 3.

Plaintiffs filed this federal complaint after their state court complaint was twice dismissed pursuant to Defendants' demurrers.  Plaintiffs claim that they only discovered that Defendants violated federal law just prior to filing their federal complaint, which is why they dismissed the state court complaint and re-filed in the Eastern District.  Opp., at 1.

Plaintiffs' Complaint brings ten causes of action against various defendants: (1) Declaratory relief as to the rights and obligations of Plaintiffs and all defendants with regard to the Property and Plaintiffs' mortgage; (2) Negligence against all defendants; (3) Quasi-Contract against Wells Fargo and U.S. Bank;

1  (4) Unfair Competition under California Business & Professions Code

2  § 17200 against all defendants; (5) violation of the Truth in

3  Lending Act ("TILA"), 15 U.S.C. § 1641(g) against U.S. Bank;

4  (6) Accounting against Wells Fargo and U.S. Bank; (7) Constructive

5  trust against Wells Fargo and U.S. Bank; (8) Wrongful foreclosure

6  seeking to set aside Trustee's Sale against all defendants; (9) To

7  void or cancel trustee's deed upon sale against U.S. Bank and First

8  American; and (10) Quiet Title against U.S. Bank and Wells Fargo.

9       The Court has jurisdiction over the TILA claim against U.S.

10  Bank pursuant to 28 U.S.C. § 1331.  The Court has jurisdiction in

11  its discretion over the remaining state law claims if they are

12  pendent from the federal TILA claim pursuant to 28 U.S.C. § 1367.

13      The Court held a hearing on this motion on November 2, 2011.

14  At that hearing, the Court granted First American's motion to

15  dismiss with prejudice.

16

17                          II.  OPINION

18      A.   Legal Standard

19      A party may move to dismiss an action for failure to state a

20  claim upon which relief can be granted pursuant to Federal Rule of

21  Civil Procedure 12(b)(6).  In considering a motion to dismiss, the

22  court must accept the allegations in the complaint as true and draw

23  all reasonable inferences in favor of the plaintiff.  Scheuer v.

24  Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by

25  Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319,

26  322 (1972).  Assertions that are mere "legal conclusions," however,

27  are not entitled to the assumption of truth.  Ashcroft v. Iqbal,

28  129 S. Ct. 1937, 1950 (2009) (citing Bell Atl. Corp. v. Twombly,

1  550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, a

2  plaintiff needs to plead "enough facts to state a claim to relief

3  that is plausible on its face." Twombly, 550 U.S. at 570.

4  Dismissal is appropriate where the plaintiff fails to state a claim

5  supportable by a cognizable legal theory.  Balistreri v. Pacifica

6  Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

7      Upon granting a motion to dismiss for failure to state a

8  claim, the court has discretion to allow leave to amend the

9  complaint pursuant to Federal Rule of Civil Procedure 15(a).

10 "Dismissal with prejudice and without leave to amend is not

11 appropriate unless it is clear . . . that the complaint could not

12 be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc.,

13 316 F.3d 1048, 1052 (9th Cir. 2003).

14      B.   Request for Judicial Notice

15      Defendants filed a Request for Judicial Notice.  They ask the

16 Court to take judicial notice of 12 publicly recorded or filed

17 documents related to the non-judicial foreclosure process on

18 Plaintiff's property and the resulting state court lawsuit.  RJN,

19 at 2-3.  Plaintiffs oppose the motion only to the extent that it

20 asks the Court to accept the contents of the documents as true.

21 Opp., at 4.

22      Generally, a court may not consider material beyond the

23 pleadings in ruling on a motion to dismiss for failure to state a

24 claim.  The exceptions are material attached to, or relied on by,

25 the complaint so long as authenticity is not disputed, or matters

26 of public record, provided that they are not subject to reasonable

27 dispute.  E.g., Sherman v. Stryker Corp., 2009 WL 2241664 at *2

28

1    (C.D. Cal. Mar. 30, 2009) (citing <u>Lee v. City of Los Angeles</u>, 250

2    F.3d 668, 688 (9th Cir. 2001) and Fed. R. Evid. 201).

3        In this case, the items provided by Defendants are the proper

4    subject of judicial notice so long as they are not reasonably

5    subject to dispute.  Based on the above discussion, the contents of

6    two of the exhibits are in dispute: (1) Substitution of Trustee

7    dated January 4, 2011 (RJN Ex. C), and (2) Assignment of Deed of

8    Trust dated January 6, 2011 (RJN Ex. D).  It is appropriate to take

9    Judicial Notice of the other exhibits, and Defendants' request is

10   GRANTED with respect to those exhibits.  Due to the reasonable

11   dispute as to the contents of Exhibits C and D, Defendants' request

12   for judicial notice of those two exhibits is DENIED.

13       C.   <u>Motion to Dismiss</u>

14            1.   <u>The TILA Claim Against U.S. Bank</u>

15       Plaintiffs' sole federal claim is against U.S. Bank for

16   allegedly violating a provision of TILA, 15 U.S.C. § 1641(g).  U.S.

17   Bank seeks dismissal of this claim on the grounds that as a trustee

18   for a mortgage backed security, TILA does not apply to it.

19   Defendants also seek dismissal by arguing that Plaintiffs failed to

20   plead damages arising from a violation of 15 U.S.C. § 1641(g).  For

21   the following reasons, the Court finds that U.S. Bank as trustee

22   for WFMBS 2005-AR12 may be subject to liability arising from a

23   violation of 15 U.S.C. § 1641(g) and therefore Defendants' motion

24   to dismiss this claim must be denied.

25       15 U.S.C. § 1641(g), titled "Liability of Assignees," requires

26   that when an entity purchases or is assigned the beneficial

27   interest in a loan on a property, it must notify the borrower in

28   writing within 30 days of when the loan is transferred.  15 U.S.C.

1   § 1641(g).  Subsection (g) lists the particular information that

2   the assignee's notice must contain.  This subsection only applies

3   to the "new owner or assignee of the debt.  15 U.S.C. § 1641(g).

4   15 U.S.C. § 1640 authorizes a civil action for violations of § 1641

5   for (1) actual damages, or (2) statutory damages that may included

6   (a) damages equal to twice the amount of any finance charge or

7   (b) for a credit transaction secured by real property an amount not

8   less than $400 and not greater than $4000.  15 U.S.C. § 1640(a).

9                    a)    Application of 15 U.S.C. § 1641(g) to Trustees

10       U.S. Bank argues that as a general rule, trustees are not

11   subject to TILA in California because trustees have limited

12   liability in California's non-judicial foreclosure process.

13   Plaintiffs respond that U.S. Bank cannot both foreclose on their

14   home, thereby claiming a beneficial interest in the note securing

15   Plaintiffs' loan, and simultaneously claim that it is not a

16   creditor subject to TILA's provisions.

17       Under California law, the trustee of a deed of trust has no

18   beneficial interest in the mortgage associated with the deed of

19   trust.  Heritage Oaks Partners v. First Am. Title Ins. Co., 66 Cal.

20   Rptr. 3d 510, 514 (Ct. App. 2007).  The trustee for a deed of trust

21   has only two duties: (1) to foreclose the deed of trust upon

22   default, or (2) when the secured debt is satisfied to convey the

23   deed of trust to the borrower.  Id.  Due to the limited duties and

24   lack of beneficial interest assigned to the trustee of a deed of

25   trust, federal courts in California hold that TILA does not apply

26   to the trustee of a deed of trust.  Guerrero v. Citi Residential

27   Lending, Inc., No. CV F 08-1878 LJO GSA, 2009 WL 926973, at *4

28   (E.D. Cal. Apr. 3, 2009) (holding that TILA does not apply to the

1  trustee of a deed of trust and explaining that the limited role of

2  such a trustee under California law precludes TILA liability).

3      U.S. Bank's argument conflates the trustee of a deed of trust

4  with other types of trustees.  To support their position, U.S. Bank

5  cites Wilson v. Wells Fargo Bank, No. C 11-03394 CRB, 2011 WL

6  3443635, at *2 (N.D. Cal. Aug. 5, 2011).  Wilson does support U.S.

7  Bank's position but is without citation to any Ninth Circuit

8  authority.  Id. (citing Hargis v. Wash. Mut. Bank, No. C 10-02341

9  CRB, 2011 WL 724390 (N.D. Cal. Feb. 22, 2011)).  The Hargis case

10 cited by the Wilson court involves the trustee of a deed of trust,

11 not a traditional trustee or as in this case the trustee of a

12 mortgage backed security.  Hargis, 2011 WL 724390, at *2.  It

13 appears that the Wilson court failed to note the distinction

14 between a trustee of a deed of trust and the trustee of a mortgage

15 backed security, as well as the basis for the rule exempting the

16 trustee of a deed of trust from TILA.  The trustee of a deed of

17 trust is exempt from TILA because of its limited role under

18 California law, but there is no analogous reason to exempt other

19 types of trustees from TILA's provisions.

20     The potential breadth of U.S. Bank's position is easily

21 illustrated by hypothetically granting limited liability to a

22 common law trustee.  Under the common law of trusts, a "trustee is

23 subject to personal liability to third persons on obligations

24 incurred in the administration of the trust to the same extent that

25 he would be liable if he held the property free of trust."

26 Restatement (2d) of Trusts § 261.  This common law rule shows a

27 stark contrast between the duties of the trustee of a deed of

28 trust, as limited by California law, and those of a common law

1 trustee.  A traditional trustee holds title to trust property and

2 is responsible for omissions related to the administration of that

3 property.  Exempting all trustees from TILA would permit trusts

4 acting as lenders to completely evade TILA's provisions.

5    Further, as Plaintiffs point out, U.S. Bank was assigned the

6 ownership interest in the loan by the January 11, 2011 assignment,

7 meaning that U.S. Bank is Wells Fargo's purported assignee.  MTD,

8 at 2.  As an assignee, U.S. Bank falls squarely within 15 U.S.C. §

9 1641(g), which creates liability for the assignees of the loan's

10 original creditor if the assignee fails to notify the borrower of

11 the acquisition.  15 U.S.C. § 1641(g).

12    The Court declines to follow the Wilson court's decision with

13 respect to TILA liability of trustees.  The trustee of a deed of

14 trust enjoys limited liability because it only has two duties in

15 the California statutory foreclosure process, but there is no legal

16 basis to support a holding that limits the liability of all

17 trustees in this manner.  Accordingly, the Court finds that

18 Plaintiffs have properly alleged that U.S. Bank as trustee for

19 WFMBS 2005-AR12, a mortgage-backed-security, is liable for

20 violations of TILA.

21         b)   Damages Pleaded by Plaintiffs

22    U.S. Bank argues that Plaintiffs must plead actual damages to

23 state a claim, and that the actual damages pleaded in the complaint

24 do not meet the appropriate pleading standard.  MTD, at 2-3.

25 Plaintiffs respond that a 1641(g) claimant may recover actual

26 damages, statutory damages, and attorneys' fees and that they

27 appropriately pleaded all three types of damages.  Opp., at 8.

28    15 U.S.C. § 1640(a) authorizes claims for actual damages,

1    statutory damages, and attorneys fees for violations of 15 U.S.C.

2    § 1641(g).  <u>Russell v. Mortgage Solutions Mgmt., —Inc.</u>, No. CV 08-

3    1092-PK, 2010 WL 3945117, at *6-*7 (D. Or. Apr. 6, 2010)

4    (acknowledging all three types of damages are authorized by § 1640

5    against original creditor's assignee).

6        In this case, Plaintiffs pleaded that U.S. Bank's violation of

7    § 1641(g) caused their home to be foreclosed, presumably because

8    they were unable to contact their actual creditor to negotiate a

9    modification of their loan as they explained in another part of

10   their complaint.  Compl., at 28.  They also pleaded that they had

11   to hire an attorney in order to determine who held their loan.  <u>Id.</u>

12   Finally, Plaintiffs pleaded that U.S. Bank is subject to statutory

13   damages and fees.  <u>Id.</u>  The Court notes that despite pleading all

14   of these damages, Plaintiffs have not pleaded a causal connection

15   between the alleged § 1641(g) violation and their actual damages

16   because the event precipitating the foreclosure was their default,

17   not a lack of notice as to who owned the loan.  Plaintiffs admit

18   that they were unable to make the required payments on the loan

19   without receiving a modification, and they do not plead that a

20   modification is legally required.  Compl., at 16.  Even if

21   plaintiffs are not entitled to actual damages based on the

22   allegations in their Complaint, they did adequately plead that they

23   are entitled to attorneys' fees and statutory damages.

24       Plaintiffs pleaded a claim arising out of U.S. Bank's alleged

25   violation of 15 U.S.C. § 1641(g) and damages associated with that

26   claim, making dismissal at this stage improper.  As a result, U.S.

27   Bank's motion to dismiss this claim is DENIED.

28

1          2.   Plaintiffs' State Law Claims

2               a)   Jurisdiction

3      Defendants argue that the Court does not have federal question

4  jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs'

5  federal TILA claim is not a valid claim.  Plaintiffs respond that

6  the Court does have jurisdiction pursuant to 28 U.S.C. 1331 over

7  the federal TILA claim and jurisdiction pursuant to 28 U.S.C.

8  § 1367 over the pendant state law claims.

9      As discussed above, Plaintiffs did plead a valid federal claim

10 giving the Court jurisdiction over that claim pursuant to 28 U.S.C.

11 § 1331.  The Court may, in its discretion, exercise jurisdiction

12 over pendant state law claims pursuant to 28 U.S.C. 1367.

13     The Court finds that the remaining state law claims are all

14 pendant from the federal TILA claim.  The state law claims arise

15 out of the origination, sale, default, and foreclosure of the note

16 securing the loan used to purchase the Property.  Accordingly, the

17 Court asserts jurisdiction over the state law claims and decides

18 Defendants' motion to dismiss those claims as follows.

19               b)   Negligence Against All Defendants

20     Defendants argue that Plaintiffs failed to adequately plead a

21 negligence cause of action.  MTD, at 7-8.  Specifically, they claim

22 that no defendant owes Plaintiffs a legal duty, which is the second

23 element in a prima facie negligence case.  Id.  Additionally,

24 Defendants argue that California does not permit recovery in

25 negligence absent a physical injury to person or property.  Id. at

26 8.

27     Plaintiffs do not respond to Defendants' arguments in their

28 Opposition.  The Court interprets Plaintiffs' failure to respond as

11

a concession to Defendants' arguments concerning this claim.
Accordingly, the Court GRANTS Defendants' motion to dismiss
Plaintiffs' negligence claim with prejudice.

c)  <u>Violation of Business and Professions Code<br>§ 17200, et seq. Against All Defendants</u>

Defendants argue that Plaintiffs failed to plead that any
conduct is "unlawful, unfair, or fraudulent" as required for
violations of the § 17200 unfair competition law ("UCL").  MTD, at
8-9.  Plaintiffs respond that they adequately pleaded violations
sufficient to satisfy each of the three varieties of UCL claims
with respect to Wells Fargo and U.S. Bank.

"The purpose of the UCL is to protect both consumers and
competitors by promoting fair competition in commercial markets for
goods and services."  <u>Drum v. San Fernando Valley Bar Ass'n</u>, 106
Cal. Rptr. 3d 46, 49 (Ct. App. 2010) (internal citations omitted).
"The California Supreme Court held that the UCL establishes three
varieties of unfair competition—acts or practices which are
[1] unlawful, or [2] unfair, or [3] fraudulent."  <u>Id.</u> at 50.  Since
the UCL is written in the disjunctive, a business act or practice
may be alleged to be all or any of the three varieties.  <u>Berryman
v. Merit Prop. Mgmt., Inc.</u>, 62 Cal. Rptr. 3d 177, 185 (Ct. App.
2007).  In order to state a claim under the unlawful prong, a
plaintiff must allege facts that show that anything that can
reasonably be characterized as a business practice is also a
violation of law.  <u>California v. McKale</u>, 25 Cal.3d 626, 632 (1979).
To show a violation under the fraudulent prong, a plaintiff must
show that members of the public are likely to be deceived by the
practice.  <u>Weinstat v. Dentsply Int'l, Inc.</u>, 103 Cal. Rptr. 3d 614,

12

1  622 n. 8 (Ct. App. 2010).   "A plaintiff's burden thus is to

2  demonstrate that the representations or nondisclosures in question

3  would likely be misleading to a reasonable consumer."   Id.

4  Finally, under the unfair prong, three different tests are

5  currently used by California courts to determine if a practice is

6  unfair.   Drum, 106 Cal. Rptr. 3d at 53.

7      In this case, Plaintiffs pleaded that U.S. Bank failed to

8  comply with TILA § 1641(g), as discussed above.   Pleading that U.S.

9  Bank violated TILA is sufficient to maintain a UCL claim against

10  U.S. Bank under the unlawful aspect of the UCL.

11      Plaintiffs also pleaded that Wells Fargo recorded a fabricated

12  assignment of deed of trust assigning interest in Plaintiffs' loan

13  to U.S. Bank. Compl., at 14-16.   As discussed above, Plaintiffs

14  alleged that the recorded assignment was executed well after the

15  closing date of the MBS to which it was allegedly sold, giving rise

16  to a plausible inference that at least some part of the recorded

17  assignment was fabricated.   Plaintiffs allege that such conduct, if

18  proven, constitutes a violation of Cal. Penal Code § 532f(a)(4).

19  Compl., at 24.   That section prohibits any person from filing a

20  document related to a mortgage loan transaction with the county

21  recorder's office that is known to be false, with the intent to

22  defraud.   Cal. Penal Code § 532f(a)(4).

23      Accordingly, the Court DENIES Wells Fargo and U.S. Bank's

24  motion to dismiss this claim.

25  ///

26  ///

27  ///

28  ///

d)   The Requirement to Plead Tender with Respect to the Following Claims: Claim 3) Quasi-Contract, Claim 7) Constructive Trust, Claim 8) Wrongful Foreclosure and to Set Aside Trustee's Sale, Claim 9) Voiding the Trustee's Deed, Claim 10) Quiet Title

Defendants argue that any claim related to a foreclosure that arises in equity must be accompanied by Plaintiffs' credible allegation of tender.  MTD, at 10.  Plaintiffs respond that they must only allege tender, which they claim to have done, and that tender is not required when the validity of the underlying debt is attacked.  Opp., at 11.

A plaintiff is required to allege tender of the full outstanding loan amount in order to maintain any cause of action for irregularity in the non-judicial foreclosure sale procedure.  Abdallah v. United Sav. Bank, 43 Cal.App.4th 1101, 1109 (1996).  "[T]he tender rule is not absolute, and a tender may not be required where it is inequitable to do so."  Sacchi v. Mortgage Elec. Registration Sys., Inc., No. CV 11-1658 AHM (CWx), 2011 WL 2533029, at *10 (C.D. Cal. June 24, 2011) (citing Onofrio v. Rice, 55 Cal.App.4th 413, 424, 64 Cal.Rptr.2d 74 (1997)).  "Also, if the action attacks the validity of the underlying debt, a tender is not required since it would constitute an affirmative of the debt."  Onofrio, 64 Cal. Rptr. 2d 74.

Plaintiffs do not adequately plead full tender as required to attack an irregularity in the foreclosure process.  They only plead that they were willing to make modified payments on their loan.  Compl., at 16.

On the other hand, Plaintiffs allege that Wells Fargo represented itself as the owner of Plaintiffs' mortgage, but then

14

1   represented that it had already sold the loan to a third party.

2   Compl., at 16.  Then, Plaintiffs allege, Wells Fargo recorded an

3   assignment of their loan to an MBS that was prohibited from

4   accepting it because its closing date was over 5 years prior to the

5   assignment.  Compl., at 17.  Further, on May 26, 2011, Plaintiffs

6   allege that Wells Fargo as the servicer reported to Plaintiffs that

7   it still owned the loan, even though U.S. Bank was foreclosing and

8   Wells Fargo previously recorded an assignment to U.S. Bank.

9   Compl., Ex. B.  Based on these alleged facts, Plaintiffs claim that

10  U.S. Bank does not own their loan, despite the fact that U.S. Bank

11  acted as the foreclosing beneficiary under the deed of trust.

12  Plaintiffs are not saying that U.S. Bank failed to follow the

13  letter of California's statutory foreclosure law; they are claiming

14  that U.S. Bank did not have standing to foreclose in the first

15  place.  Thus, relying on Onofrio, requiring Plaintiffs to tender

16  the full amount of the indebtedness to an entity, U.S. Bank, that

17  is allegedly not the beneficiary to the deed of trust in order to

18  protect Plaintiffs' interest in the Property would be inequitable.

19       Defendants U.S. Bank and Wells Fargo's only ground for seeking

20  dismissal on these causes of action is the tender requirement.  The

21  Court holds that the tender requirement does not apply to this case

22  because Plaintiffs are challenging the beneficial interest held by

23  U.S. Bank in the deed of trust, not the procedural sufficiency of

24  the foreclosure itself.  For this reason, U.S. Bank and Wells

25  Fargo's motion to dismiss these claims because Plaintiffs failed to

26  plead tender is DENIED.

27  ///

28  ///

1

2          e)   Defendants' Motion to Dismiss The Remaining
               Causes of Action: Claim 1) Declaratory Relief
               Against All Defendants and Claim 6) Accounting
3              Against U.S. Bank and Wells Fargo

4          Defendants argue that both remaining causes of action are

5     duplicative of the other causes of action because they are remedial

6     in nature, and are not sufficient to be standalone causes of

7     action.  MTD, at 12.  Plaintiffs do not address the accounting

8     cause of action, but generally argue that the declaratory relief

9     claim is sufficient because deciding it will clarify and settle the

10    dispute and relieve uncertainty.  Opp., at 13.

11               (1)   Declaratory Relief

12         A claim for declaratory relief is duplicative and unnecessary

13    when it is commensurate with the relief sought through other causes

14    of action.  Mangindin v. Wash. Mut. Bank, 637 F. Supp. 2d 700, 707–

15    708 (N.D. Cal. 2009).

16         In this case, Plaintiffs put forward other claims, that if

17    decided, will resolve the remaining controversies between the

18    parties and relieve any uncertainty related to the Property.

19    Plaintiffs only argument in support of the claim for declaratory

20    relief is that Defendants claim an interest in the property and

21    will sell the home to another party.  Opp., at 13.  If the Wrongful

22    Foreclosure and Quiet Title claims are decided, however,

23    Defendants' interest in the property will be resolved.

24         For this reason, the claim for declaratory relief is

25    duplicative of the other claims asserted, and Defendants' motion to

26    dismiss it is GRANTED with prejudice.

27               (2)   Accounting

28         Defendants seek dismissal of this cause of action on the

16

1  grounds that the claim is merely remedial as pleaded and therefore
2  duplicative of Plaintiffs' other claims.  Plaintiffs do not respond
3  to this argument in their Opposition.  Accordingly, Defendants'
4  motion to dismiss this claim is GRANTED with prejudice.

5

6                              III. ORDER
7      After carefully considering the papers submitted in this
8  matter and the argument of counsel at the hearing on this motion,
9  it is hereby ordered that Defendant's Motion to Dismiss is GRANTED
10 in part, as follows:
11     1.   Plaintiffs' claim for negligence against Defendants is
12 dismissed with prejudice;
13     2.   Plaintiffs' claims for declaratory relief and an
14 accounting against Defendants are dismissed with prejudice; and
15     3.   The Court's previous Order dismissing with prejudice all
16 remaining claims against First American is reaffirmed.
17     Defendants' motion to dismiss Plaintiffs' remaining claims is
18 DENIED.  Defendants shall file their answers to Plaintiffs'
19 Complaint within twenty (20) days of this Order.
20     IT IS SO ORDERED.
21 Dated: November 16, 2011
22                              JOHN A. MENDEZ,
                               UNITED STATES DISTRICT JUDGE
23
24
25
26
27
28