MARY KATE SULLIVAN (State Bar No. 180203)
M. ELIZABETH HOLT (State Bar No. 263206)
meh@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
WELLS FARGO HOME MORTGAGE, a
division of WELLS FARGO BANK, N.A.;
and US BANK, N.A., as Trustee for WFMBS
2005-AR12

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA—SACRAMENTO DIVISION

| | |
|---|---|
| BILLI VOGAN and HAROLD TRAUPEL, <br><br> Plaintiffs, <br><br> vs. <br><br> WELLS FARGO BANK, N.A.; US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR WFMBS 2005-AR12; WELLS FARGO HOME MORTGAGE; and FIRST AMERICAN TRUSTEE SERVING SOLUTIONS FORMERLY KNOWN AS FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, LLC; and Does 1-100, inclusive, <br><br> Defendants. | Case No. 2:11-CV-02098-JAM-AC <br><br> **ORDER GRANTING DEFENDANTS WELLS FARGO AND US BANK'S MOTION FOR SUMMARY JUDGMENT** |

# ORDER GRANTING SUMMARY JUDGMENT

## I.  BACKGROUND

Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and US Bank, N.A., as Trustee for WFMBS 2005-AR12 ("U.S. Bank") move for summary judgment on Plaintiffs Billi Vogan and Harold Traupel's claims against them.

Initially there were ten claims, all being against both Wells Fargo and U.S. Bank, except for the fifth (violation of 15 U.S.C. Section 1641(g) of the Truth in Lending Act) and ninth (to void or cancel the trustee's deed upon sale) claims, asserted against U.S. Bank only.

The first two claims, one for declaratory relief and one for negligence, were previously dismissed by the Court.  *See* Docket No. 30.  A claim for accounting was also previously dismissed.  *See id*.  Plaintiffs' remaining claims are for quasi-contract, violation of Business and Professions Code Section 17200, violation of 15 U.S.C. Section 1641(g) of the Truth in Lending Act, constructive trust, wrongful foreclosure and to set aside trustee's sale, void or cancel trustee's deed upon sale, and quiet title.

The case is based on a nonjudicial foreclosure sale of property located at 20066 Wildwood West Drive in Penn Valley, California. The parties agree that plaintiffs executed an adjustable rate note with Wells Fargo back in June of 2004 in order to purchase the property.  They also executed a deed of trust as security for that note in favor of Wells Fargo as the lender and beneficiary of the deed of trust.  National Title Insurance Company was listed as the trustee for the deed of trust. Defendants represent that Wells Fargo was the servicer for the life of the loan, and plaintiffs agree that Wells Fargo purported to be the servicer for life of the loan, although plaintiffs dispute Wells Fargo's authority to collect payments on the mortgage.

The case survived defendants' motion to dismiss on a narrow theory that U.S. Bank violated TILA Section 1641(g), which requires the assignee of a mortgage loan to give notice to a borrower that a transfer of the loan occurred.  The parties originally presented an Assignment of Deed of Trust that was dated January 6, 2011, and recorded on January 11, 2011.

Defendants contended that the assignment showed that U.S. Bank owned plaintiffs' loan, and was therefore the proper party to foreclose.

U.S. Bank's legal theory supporting its motion to dismiss was that it was exempt from Section 1641(g) because it was a trustee. At the motion to dismiss stage, the Court rejected the argument that the law exempts trustees of a deed of trust from Section 1641(g). In this case, U.S. Bank was the trustee of a mortgaged backed security, meaning that it was the legal equivalent of the assignee of the loan. Based on the date of the assignment in the January 6, 2011 document, and the allegation that U.S. Bank did not comply with Section 1641(g)'s requirements, the Court denied the motion to dismiss that claim. The Court limited the claim to statutory damages and attorneys' fees because plaintiffs did not plead that the lack of notice caused their default.

The Court also found at the motion to dismiss stage that plaintiffs raised at least a plausible inference that the January 2011 assignment was falsified because of the inconsistency of the dates. At the time of the motion to dismiss, defendants were unable to explain why there was an assignment dated January 2011 that was made to U.S. Bank nearly five years after the closing date of the underlying mortgage backed security.

For purposes of the summary judgment motion, defendants have come forward with evidence that plaintiffs' loan was pooled into the Wells Fargo Asset Security Corporation Mortgage Backed Securities Trust 2005-AR12 ("2005-AR12 Trust"), with Wachovia as trustee on June 16, 2005. Pooling and Servicing Agreements were also submitted. In December 2005, Wachovia sold its corporate trust and institutional custody business to U.S. Bank, which then took over as trustee of the 2005-AR12 Trust. Defendants contend that this background information is sufficient to show that the January 2011 assignment was not fraudulent or improper.

Defendants argue that the January 2011 assignment of the deed of trust for plaintiffs' loan was only executed and recorded to address an ambiguity in California law. Defendants argue that by operation of law the deed of trust followed the note when it was sold to Wachovia and then later to U.S. Bank.

Plaintiffs dispute the validity of each transfer in the chain of title, as the Court will now discuss.

## II. CHAIN OF TITLE

The chain of title is central to the claims in this lawsuit. Plaintiffs generally contend that

the nonjudicial foreclosure on the property is void because U.S. Bank, the entity supposedly authorizing foreclosure, was not the owner of the loan, and therefore not entitled to order First American, as trustee, to foreclose. Plaintiffs summarized their argument as follows: "Based on violations of the trust agreement and failure to properly assign the mortgage ... their note and mortgage was not, and is not, part of the trust res," "and as a result U.S. Bank cannot be the owner of the note of mortgage." Opp'n, p. 7.

The note produced by defendants, and authenticated by Wells Fargo employee Kimberly Mueggenberg, contains an endorsement on page five. The endorsement is made by a vice president of Wells Fargo. It does not identify the assignee. Defendants contend that this endorsement was sufficient to transfer the loan, and that the transaction was memorialized in an Assignment of Mortgage Deed of Trust, attached to the note as page eight. Plaintiffs argue that the endorsement is insufficient because it does not identify the assignee.

An endorsement on an instrument need not identify the assignee, and such an endorsement is known as an endorsement in blank. *See* CAL. COMM. CODE § 3205(b). Such an instrument is payable to the bearer of the note. Under the statute, an instrument may be payable to the bearer by attaching an endorsement in blank to the instrument, even if there is room on the instrument itself for the endorsement. *See* CAL. COMM. CODE § 3204.

Based on the foregoing, it was legally proper for Wells Fargo to endorse the note in blank, making the note payable to the bearer, in order to transfer the note to another entity.

Plaintiffs argue that the chain of title is riddled with other problems and errors. For instance, they contend that Wells Fargo claims it assigned the loan to Wachovia in July 2004, and then a year later purported to assign it to Wells Fargo Asset Securities Corporation as a step in the creation of the 2005-AR12 Trust.

Plaintiffs, however, do not have standing to challenge the agreements between these three entities, or make claims that the contracts between them created in the securitization process are void. It is sufficient that the current trustee for the 2005-AR12 Trust, which is U.S. Bank, along with the original lender, contend that the assignment into the trust is valid. *See Baldoza v. Bank of Am., N.A.*, 2013 WL 978268 (N.D. Cal. 2013) (holding that the majority position is that plaintiffs

lacked standing to challenge noncompliance with a Pooling and Servicing Agreement in securitization unless they are parties or third party beneficiaries of the agreement).

The Court also notes that plaintiffs have not produced evidence that a nonparty has any actionable interest in the mortgage. Plaintiffs' position is that defects in the securitization process make it impossible to determine the true owner of their loan, and therefore no entity is entitled to foreclose or collect on the loan. That is not the law. All possible owners of the loan are now before the Court, and they all agree that the 2005-AF12 Trust, with U.S. Bank as trustee, owned the note during the foreclosure process.

Plaintiffs' original theory that an unknown third party owns the loan, and U.S. Bank's foreclosure was accordingly wrongful, is unsupported by any evidence. Plaintiffs therefore have no standing to challenge the validity of the securitization process or its underlying agreements.

Defendants argue that the January 6, 201, assignment of the beneficial interest in the deed of trust was legally superfluous because U.S. Bank already held the loan as trustee of the 2005-AR12 Trust. Defendants maintain that the assignment was made simply to ensure compliance with California Civil Code Section 2932.5, which at the time some courts construed as applicable to deeds of trust as well as mortgage. The Court does not take account of that evidence because it is based on the speculation of their expert.

Defendants further argue that under California law, the beneficial interest in a deed of trust follows assignment of the note, meaning that the January 6, 2011 recorded assignment was not needed because U.S. Bank was already the beneficiary of the deed of trust, even if the assignment was not recorded. Plaintiffs respond that defendants' current justification is an after-the-fact explanation unsupported by evidence.

Under California law, assignment of a debt automatically carries with it the beneficial interest in a corresponding deed of trust. *See Domarad v. Fisher & Burke, Inc.*, 270 Cal. App. 2d 543 (1969) (holding that a deed of trust is a mere incident of the debt it secures, and an assignment of the debt carries with it the security). U.S. Bank therefore became the assignee of both the note and security when it became trustee of the 2005-AF12 Trust in December of 2005. The January 2011 assignment was superfluous because the assignment of the beneficial interest in the deed of

1 trust had already occurred years before with the transfer of the note.

2 For these reasons, plaintiffs have no evidence to support their position that U.S. Bank lacked standing to foreclose. Accordingly, summary judgment is granted in defendants' favor on plaintiffs' claims involving wrongful foreclosure.

Plaintiffs do not explicitly argue that they can proceed with their wrongful foreclosure claims based on irregularities in the foreclosure process, and they are barred from doing so because they failed to allege tender in their complaint. *See Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101 (1996).

Therefore, plaintiffs' Claim 8, wrongful foreclosure, Claim 9, to void the trustee's deed, and Claim 10, quiet title, cannot go forward.

Plaintiffs cannot proceed on these claims on the theory that U.S. Bank lacks standing to foreclose. There is, accordingly, no remaining basis upon which these claims can proceed, so judgment is granted in defendants' favor on all three claims.

### III.  QUASI-CONTRACT CLAIMS

On the quasi-contract claim, defendants point out that plaintiffs do not necessarily respond to this argument in their opposition. Defendants further argue that they are entitled to judgment on the quasi-contract claim because Wells Fargo had a written contract with plaintiffs, and also because U.S. Bank had almost no contact with plaintiffs. Plaintiffs have not responded to these arguments in their opposition. This, in effect, is a concession.

"There cannot be a valid, express contract and an implied contract, each embracing the same subject matter, existing at the same time." *Wal-Noon Corp. v. Hill*, 45 Cal. App. 3d 605, 613 (1975). The only evidence of an agreement between plaintiffs and Wells Fargo consists of the deed of trust and the note associated with plaintiffs' mortgage. Accordingly, Wells Fargo is entitled to judgment on plaintiffs' quasi-contract claim.

With respect to U.S. Bank, defendants are also correct that there is no evidence that U.S. Bank had any interaction with plaintiffs either before or during the foreclosure. Accordingly, there is no conduct from which a contract can be implied, and U.S. Bank is entitled to judgment on this claim as well.

## IV.  CONSTRUCTIVE TRUST CLAIM

On the constructive trust claim, defendants argue they are entitled to summary judgment because a constructive trust is a remedy, not a stand-alone cause of action.  Defendants also argue that plaintiffs have no evidence to support two of the three elements necessary for a constructive trust.  Again, plaintiffs do not respond specifically to these arguments.

A constructive trust may be imposed if three conditions are met:  (1) the existence of a res; (2) the plaintiff's right to that res; and (3) the defendant's gain of the res by fraud, accident, mistake, undue influence, or other wrongful act.

Defendants are correct that plaintiffs have not produced any evidence to satisfy the second and third elements of a constructive trust.  There is no evidence that plaintiffs have a right to the res of any trust.  And there is no evidence that defendants gained a res by fraud or wrongful act.  Accordingly, defendants are entitled to judgment as a matter of law on plaintiffs' constructive trust claim.

## V.  TILA CLAIM

On the TILA Section 1641(g) claim against U.S. Bank, plaintiffs argue that U.S. Bank failed to comply with this statute, which requires the assignee of a mortgage to notify the borrower that it has acquired the loan.  There is no dispute that U.S. Bank failed to notify plaintiffs when it acquired the loan, but defendants argue that the requirement did not apply to U.S. Bank because it acquired the loan in 2005 when it purchased Wachovia's trust business, and this statute was not passed until 2009.

At the motion to dismiss stage, this Court declined to dismiss this claim because plaintiffs alleged that U.S. Bank acquired the loan in 2011, and at that stage of the case, defendants, at least in the Court's view, had not produced sufficient documentation to rebut the allegations.

Both parties agree, and it is clear as a matter of law, that Section 1641(g) does not apply retroactively, as a number of case have held.   Therefore, judgment is granted in U.S. Bank's favor on this claim because the un-rebutted evidence shows that the assignment occurred in 2005, prior to the enactment of Section 1641(g).  As a result, U.S. Bank was not required to provide notice, and therefore this claim cannot go forward.

## VI. SECTION 17200 CLAIM

In terms of the Business and Professions Code Section 17200 claim, defendants argue that plaintiffs lack standing due to a heightened standing requirement established by Proposition 64. Defendants also argue that the foreclosure and any resulting damage was caused only by plaintiffs' own default, and that they lack standing to bring a 17200 claim.

Plaintiffs counter that the claim should survive on two theories. The first is that the January 6, 2011 assignment of the deed of trust to U.S. Bank was fraudulent, illegal, and unfair. The Court rejects this theory for the reasons already mentioned above.

Defendants have brought forward sufficient evidence to show that they intended to transfer plaintiffs' note to U.S. Bank, and plaintiffs have not presented any evidence establishing a genuine dispute of fact on this point. There is no evidence of fraud in connection with the transfer. And all the evidence supports defendants' position that the loan was transferred to the 2005-AR12 Trust for which U.S. Bank served as trustee.

Second, plaintiffs argue they should be allowed to proceed to trial on their Section 17200 claim based on Plaintiff Vogan's testimony that Wells Fargo induced her to default on her loan, promised her a modification, and then failed to follow through with the modification.

Defendants argue that this theory does not appear in the complaint. They contend that plaintiffs are barred from asserting it now. Defendants also maintain there is no causal connection between plaintiffs' damages and Wells Fargo's alleged statements regarding a modification. Finally, defendants assert that plaintiffs lack standing on this theory as well.

The complaint actually does contain some factual allegations related to plaintiffs' attempt to modify their loan, along with an allegation that Wells Fargo instructed them to stop paying the loan while a modification was investigated. *See* Compl., ¶ 53. Plaintiffs also allege in the complaint that they were unable to make payments without a modification. The Section 17200 claim, however, is predicated entirely on the false recordation of documents. *See* Compl., ¶¶ 93-103. The only allegation in the Section 17200 claim that does not deal with false recordation of documents is a general and conclusory allegation in paragraph 97, in which plaintiffs allege, "other deceptive business practices as described herein."

And in opposition to the motion to dismiss, plaintiffs only argued in support of their Section 17200 claim on the false recordation theory and a theory that Wells Fargo was not legally entitled to collect plaintiffs' mortgage payments.

Defendants' position that plaintiffs are raising a Section 17200 claim based on Wells Fargo's alleged failure to modify their mortgage for the first time in opposition to this motion for summary judgment is meritorious. Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings. Plaintiffs cannot present a new theory for the Section 17200 claim in opposition to a motion for summary judgment. Defendants' motion is granted for this reason.

Defendants additionally argue that the claim should not go forward because plaintiffs lack standing. To satisfy the narrower standing requirements of Section 17200 imposed by California Proposition 64, a party must now, establish a loss or deprivation of money or property sufficient to qualify as an economic injury, and show that the economic injury was a result of, that is, it was caused by, the unfair business practice. *See Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310 (2011). Proposition 64 was designed to make sure private attorneys were not able to bring Section 17200 claims on behalf of clients who had no actual business dealings with a defendant.

Plaintiff Vogan testified in her declaration she defaulted on her mortgage because Wells Fargo told her she would qualify for loan modification if she did so. In her declaration she said, "I was specifically told by a Wells Fargo representative that with the income documentation we had submitted we were qualified for a loan modification that would reduce our monthly loan payment commensurate with our income. Although I was not told what the exact amount of the new monthly payment would be, I understood it would be based on the percentage of our income on Wells Fargo's guidelines." Vogan Decl., ¶ 7. Vogan testified in her declaration that she was told, after being in default for three months, that she did not qualify for a modification because her loan was part of a mortgage backed security and the investor did not permit modifications.

The problem with plaintiffs' position on this point is that the evidence shows that they defaulted because they could not afford the payments on their loan, not because of Wells Fargo's representation. Plaintiff Vogan initially contacted Wells Fargo to seek a reduction in her

monthly loan payment due to decreased family income. *See* Vogan Decl., ¶ 5. After plaintiffs were not approved for modification, they were already three months behind on their payments, and they have never attempted to make the outstanding payments. The evidence therefore demonstrates that plaintiffs were unable to make their payments as agreed without some modification to the loan. As result, any damage that plaintiffs experienced stemmed from their inevitable default, not defendants' alleged misrepresentations. Therefore, plaintiffs lack standing under Section 17200 to pursue this theory.

### VII. CONCLUSION

Plaintiffs' theory that U.S. Bank was not entitled to initiate foreclosure on their property is not supported by any evidence. The evidence provided by defendants shows that Wells Fargo was the original lender, it intended to securitize plaintiffs' mortgage, and that U.S. Bank was the intended trustee of the resulting trust. Defendants are therefore entitled to summary judgment on all their claims against them. The Court so orders. A separate judgment will be entered in favor of Wells Fargo and U.S. Bank. This case will be closed.

**IT IS SO ORDERED**.

DATED: May 7, 2013

/S/ JOHN A. MENDEZ
The Honorable John A. Mendez
United States District Court Judge